IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Keith Barrientes,<br><br>        Petitioner,<br><br>v.<br><br>Charles L. Ryan, Attorney General of the State of Arizona,<br><br>        Respondents. | No. CV 15-00014 PHX DGC (MEA)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DAVID G. CAMPBELL:**

Petitioner, who is pro se in this matter, docketed a motion seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 5, 2015. Respondents docketed a limited answer to the petition for habeas corpus relief on February 25, 2015. See Doc. 10 ("Answer"). On March 16, 2015, Petitioner docketed a reply to the answer to the petition. See Doc. 11.

**I Procedural background**

A Maricopa County grand jury indictment returned June 30, 2003, charged Petitioner with one count of armed robbery in case number CR2003–036001. See Answer, Exh. B. According to the presentence report: "On November 11, 2002, [Petitioner] entered a Wells Fargo Bank branch, pointed a gun at a customer..., and stole the $1,260.00 in cash [that the customer] was attempting to deposit for his employer, Sonic." Id., Exh. C at 1. On January 20, 2009, Petitioner pled guilty to this charge. Id.,

Exh. D & Exh. E. In exchange for Petitioner's guilty plea the state withdrew its allegation that Petitioner's crime was dangerous. Id., Exh. D & Exh. E. Pursuant to his conviction on this charge, the state trial court sentenced Petitioner to a term of four years of probation. Id., Exh. F. Petitioner did not challenge this conviction or sentence in any post-conviction proceeding. Id., Exh. A at 3.

A grand jury indictment returned August 11, 2010, charged Petitioner with kidnapping, first-degree burglary, theft of a means of transportation, trafficking in stolen property, two counts of misconduct involving weapons, and three counts of armed robbery in CR2010–138881. Id., Exh. L. The following day the state moved to revoke Petitioner's probation in CR2003–036001. Id., Exh. G.

On September 28, 2010, Petitioner moved to represent himself in his criminal proceedings, which motion was denied. Petitioner's counsel then moved for a Rule 11 evaluation, which motion was granted. On January 18, 2011, the parties entered into a stipulation that Petitioner was competent to stand trial, based on the written reports of two doctors who had evaluated Petitioner in 2010. See id., Exh. EE.

On February 18, 2011, Petitioner pled guilty to two counts of armed robbery and one count of misconduct involving weapons in CR2010-138881. See id., Exh. N & Exh. O. In exchange for Petitioner's guilty plea the state dismissed the remaining counts of the indictment. Id., Exh. N & Exh. O. The state trial court sentenced Petitioner in case number CR2010–138881 to concurrent sentences of 21 years imprisonment for each of the armed robberies and a concurrent sentence of 2.5 years imprisonment for his conviction on the charge of misconduct involving involving weapons. Id., Exh. P & Exh. Q. At that time, in case number CR2003–03600, because Petitioner had violated the terms of his probation, the state trial court imposed a sentence of five years imprisonment to be served concurrently with the sentences imposed in the 2010 matter. Id., Exh. I at 1–2.

On March 25, 2011, Petitioner filed a notice of state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, challenging his guilty plea in

the 2010 matter and the revocation of his probation in the 2003 matter. Id., Exh. R & Exh. S. The trial court appointed counsel to represent Petitioner in his Rule 32 proceedings. Id., Exh. T. Counsel filed notice that he could find no colorable claims to raise on Petitioner's behalf. Petitioner filed a pro se petition raising various arguments regarding his guilty plea and his sentences. Id., Exh. V & Exh. W. The state's response conceded that Petitioner was entitled to resentencing because the trial court failed to make certain required findings on the record, but otherwise opposed relief. Id., Exh. X at 1–14.

In a decision entered October 16, 2012, the state trial court ordered that Petitioner be resentenced and rejected all the other claims stated in his Rule 32 action as either meritless or precluded by his guilty plea. Id., Exh. Z. The state trial court characterized Petitioner's claims, other than his claim regarding his sentence, as asserting

> 1. His rights to a speedy trial were violated. The Court rejected pro per motions filed by Defendant as defendant was represented by counsel.
> 2. The trial court's determination of Defendant's competency violated due process.
> 3. The guilty pleas were induced by the State by the prosecutor threatening the defendant and coercing his plea.
> 4. The Court modified the plea agreement.
> 5. The sentence was illegal as the plea was not knowingly, intelligently and voluntarily made.
> 6. The sentence was not legally imposed as the court did not set forth the aggravating factors on the record when the imposing the stipulated sentence. (sic)
> 7. The Maricopa County jail subjected him to mental torture due to the environment, food and restraints.

Id., Exh. Z.

The trial court found Petitioner had waived "all non-jurisdictional defects and defects occurring prior to the plea." The court determined Petitioner had been "advised in writing" with regard to the rights he was waiving. The court noted Petitioner had entered a guilty plea waiving "all claims of ineffective assistance of counsel, other than the claim of ineffective assistance related to the validity of the plea upon which the

conviction rests." The court found Petitioner was "foreclosed from arguing that his speedy trial rights were violated; that the court improperly failed to consider his *pro per* motions; that the trial court's determination that he was competent to stand trial violated due process, and that the jail subjected him to mental torture due to various reasons." Id., Exh. Z. The court concluded "Defendant's claim that he did not fully understand the sentence potential sentence (sic) is without merit or substantiation in the record." Id., Exh. Z. The court also found Petitioner's claim that counsel did not object to the aggravated sentence "is not supported by the record." Id., Exh. Z. Similarly, the state trial court found the record did not support Petitioner's claim that he was under duress when he entered into the plea agreement.

Petitioner did not, apparently, appeal this decision to the Arizona Court of Appeals and Petitioner was resentenced on November 12, 2012, receiving the same sentence previously imposed. Id., Exh. AA & Exh. BB.

Petitioner took a second Rule 32 action subsequent to his resentencing. Petitioner's appointed counsel informed the trial court that she had "reviewed the relevant transcripts and court record" and was "unable to find a tenable issue to submit" in a Rule 32 petition. Id., Exh. CC at 1. Petitioner filed a pro se petition comprised of more than 190 pages of memoranda and exhibits. Id., Exh. DD.

The state trial court denied relief in Petitioner's second Rule 32 action on January 15, 2014. Id., Exh. JJ. Petitioner sought review of this decision by the Arizona Court of Appeals. Id., Exh. HH. On February 25, 2014, the Arizona Court of Appeals granted discretionary review but denied relief, stating:

> We deny relief. Rather than identify specific claims for relief supported with fully and independently developed arguments, citation to legal authority and the record, [Petitioner] attempts to present issues for review by incorporating by reference the petition for postconviction relief filed in the trial court. His petition for review does nothing more than provide supplemental argument to support his petition for postconviction relief and is entirely dependent on incorporation of the petition. A petition for review may not incorporate by reference any issue or argument. The petition must set forth specific claims, present sufficient argument supported by legal

>authority, and include citation to the record. State v. Bortz, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Rule 32.9(c).
> [C]ompliance with Rule 32 is not a mere formality." Canion v. Cole, 210 Ariz. 598, 600 ¶ 11, 115 P.3d 1261, 1263 (2005). A petitioner must "strictly comply" with Rule 32 in order to be entitled to relief. Id. [Petitioner] has failed to comply with Rule 32. Further, [Petitioner's] attempt to rectify these deficiencies in his reply is not sufficient. This Court will not consider arguments or issues first raised in a reply. See State v. Watson, 198 Ariz. 48, 51 ¶ 4, 6 P.3d 752, 755 (App. 2000). Finally, the petition for review presents additional issues [Petitioner] did not raise in the petition for postconviction relief he filed in the trial court. A petition for review may not present issues not first presented to the trial court. Bortz, 169 Ariz. at 577, 821 P.2d at 238; Ariz. R. Crim. P. 32.9(c)(1)(ii). For the above reasons, we grant review and deny relief.

Id., Exh. KK at 2–3.

Petitioner sought review by the Arizona Supreme Court, which was denied on August 28, 2014. Id., Exh. MM.

In his federal habeas action Petitioner contends he was denied his right to due process of law because the trial judge "made a claim as to what were or were not in her interests," which interests were "in conflict" to Petitioner's interests. Petitioner asserts he was denied his right to self-representation. Petitioner further alleges that the state trial court violated his right to due process by determining that Petitioner was competent to stand trial. Petitioner also contends the trial court improperly "rejected all motions filed by [Petitioner] on his own behalf" because Petitioner was represented by counsel. Petitioner argues that his sentence was "illegal" because he was "sentenced in accordance to a statute he did not knowingly, intelligently, and voluntarily agree to plead guilty to," and because the trial court "modified the plea agreement without making sure [Petitioner] understood that modification." Petitioner maintains he is entitled to habeas relief because he was denied his right to the effective assistance of counsel. Petitioner alleges his trial counsel's performance was deficient because counsel did not honor Petitioner's request for a speedy trial, because counsel "refused" to take Petitioner's case to trial "and said he would only discuss plea bargains," and because counsel failed to object when Petitioner received an aggravated sentence.

**II Analysis**

**A. Exhaustion and procedural default**

Absent specific circumstances, the District Court may only grant federal habeas relief on the merits of a claim which has been "properly" exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729–30, 111 S. Ct. 2546, 2554–55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state courts the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005). The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either in a direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Date v. Schriro, 619 F. Supp. 2d 736, 762-63 (D. Ariz. 2008); Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). See also Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014), petition for cert. filed No. 14-931 (Jan. 28, 2015). In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351. See also Arrendondo v. Neven, 763 F.3d 1122, 1138 (9th Cir. 2014).

> However,
> [The] AEDPA "leav[es] 'primary responsibility' for adjudicating federal claims to the States." Johnson v. Williams, [] 133 S.Ct. 1088, 1097, 185 L.Ed.2d 105 (2013) (citing Woodford v. Visciotti, 537 U.S. 19, 27, 123 S.Ct. 357, [] (2002)). It follows that absent "evidence lead[ing] very clearly to the conclusion that a federal claim was inadvertently overlooked in state court," a federal habeas court presumes that the state court reached a petitioner's fairly presented federal claim. Id.

Williams v. Swarthout, 771 F.3d 501, 506 (9th Cir. 2014).

In order to fulfill exhaustion requirements, a petitioner must present to the state courts the "substantial equivalent" of the claim presented in federal court. Picard v. Connor, 404 U.S. 270, 278, 92 S. Ct. 509, 513–14 (1971); Dickens v. Ryan, 740 F.3d 1302, 1318-19 (9th Cir. 2014); Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). Full and fair presentation requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief. See Arrendondo, 763 F.3d at 1138; Gulbrandson v. Ryan, 738 F.3d 976, 992 (9th Cir.), cert. denied, 134 S.Ct. 2823 (2013); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009); Lopez v. Schriro, 491 F.3d 1029, 1040 (9th Cir. 2007). Although a habeas petitioner need not recite "book and verse on the federal constitution" to fairly present a claim to the state courts, Picard, 404 U.S. at 277–78, 92 S. Ct. at 512–13, they must do more than present the facts necessary to support the federal claim. See Duncan v. Henry, 513 U.S. 364, 366, 115 S.Ct. 887, 888 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."); Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See, e.g.,

Woodford v. Ngo, 548 U.S. 81, 92–93, 126 S. Ct. 2378, 2387 (2006).  If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim.  See, e.g., id., 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims.  See Castille, 489 U.S. at 351–52, 109 S. Ct. at 1060.  Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule.  See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594–95 (1991); Coleman v. Thompson, 501 U.S. 722, 727–28, 111 S. Ct. 2546, 2553–57(1991); Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

In Arizona, claims not previously presented to the state courts in either a direct appeal or on collateral review in an action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, are generally barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category of claims for which a successive Rule 32 action is permitted.  See Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a) & (b) (successive petitions are limited to claims of being held in custody beyond sentence expiration, newly-discovered material facts, requests for delayed appeal, significant change in the law retroactively applicable that would probably overturn conviction or sentence, and actual innocence); Spreitz v. Ryan, 617 F. Supp. 2d 887, 899–900 (D. Ariz. 2009).

> For the procedural default rule to apply, "the application of the state procedural rule must provide an adequate and independent state law basis

on which the state court can deny relief." Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) (amended) (internal quotation marks and citations omitted). Arizona's waiver rules are independent and adequate bases for denying relief. Stewart v. Smith, 536 U.S. 856, 859–60, 122 S.Ct. 2578, [] (2002) [] (holding denials pursuant to Arizona waiver rules are independent of federal law); Ortiz v. Stewart, 149 F.3d 923, 931–32 (9th Cir. 1998) (finding Arizona waiver rule consistently and regularly applied).

Hurles v. Ryan, 752 F.3d 768, 780 (9th Cir.), cert. denied, 135 S.Ct. 710 (2014).

To constitute an adequate and independent state procedural ground sufficient to support a state court's finding of procedural default, "a state rule must be clear, consistently applied, and well-established at the time of [the] petitioner's purported default." Lambright v. Stewart, 241 F.3d 1201, 1203 (9th Cir. 2001). See also Murray v. Schriro, 745 F.3d 984, 1015-16 (9th Cir. 2014). A state rule is considered consistently applied and well-established if the state courts follow it in the "vast majority of cases." Scott, 567 F.3d at 580, quoting Dugger v. Adams, 489 U.S. 401, 417 n.6, 109 S. Ct. 1211, 1221 n.6 (1989). Additionally, for the proffered state procedural bar to preclude the consideration of a habeas claim "the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." Caldwell v. Mississippi, 472 U.S. 320, 327, 105 S. Ct. 2633, 2638–39 (1985). See also Harris v. Reed, 489 U.S. 255, 261–62, 109 S. Ct. 1038, 1042 (1989).

> "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." Harris, 489 U.S. at 263, 109 S.Ct. 1038, [ ].... Sanders v. Cotton, 398 F.3d 572, 580 (7th Cir. 2005) (where the state appellate court's discussion of waiver is intertwined with its merits analysis, the state court's decision does not rest on an independent and adequate state law ground)...

Pole v. Randolph, 570 F.3d 922, 937 (7th Cir. 2009) (some internal citations and quotations omitted). See also Scott, 567 F.3d at 581–82.

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims, which have been found to be consistently applied and well-

- 9 -

established, bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not fairly presented to the Arizona Court of Appeals in his direct appeal or in his Rule 32 action.  See Hurles, 752 F.3d at 780; Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002).  See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar).

### B. Cause and prejudice

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation.  See Clabourne v. Ryan, 745 F.3d 362, 375 (9th Cir. 2014); Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991).  Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules.  See Detrich v. Ryan, 740 F.3d 1237, 1243-44 (9th Cir. 2013); Ha Van Nguyen v. Curry, 736 F.3d 1287, 1292 (9th Cir. 2013).  To establish prejudice, the petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Detrich, 740 F.3d at 1243-44 (internal quotations omitted).

Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause.  See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.  Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default.  See, e.g., Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986).  A state criminal defendant does not have a federal

constitutional right to the effective assistance of counsel during state post-conviction proceedings. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987); Graves v. McEwen, 731 F.3d 876, 878 (9th Cir. 2013). Accordingly, the general rule is that errors of counsel during a state post-conviction action cannot constitute "cause" to excuse the procedural default of a federal habeas claim. See, e.g., Coleman, 501 U.S. at 752, 111 S. Ct. at 2565; Clabourne, 745 F.3d at 374. However, the Supreme Court's opinion in Martinez v. Ryan, 132 S. Ct. 1309 (2012), established a limited exception to this general rule, which exception applies only to Sixth Amendment ineffective assistance of counsel claims. Martinez held that inadequate assistance of post-conviction counsel or lack of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In Ha Van Nguyen v. Curry, 736 F.3d 1287 (9th Cir. 2013), the Ninth Circuit expanded Martinez, holding that this doctrine can also apply to excuse the procedural default of claims asserting ineffective assistance of direct appeal counsel.

Petitioner does not raise a claim that his Rule 32 attorneys' performances were unconstitutionally ineffective, resulting in his procedural default of legitimate claims regarding his trial counsel's performance.

**C. Fundamental miscarriage of justice**

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke v. Haley, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485–86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485–86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief). To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing

1  evidence that no reasonable fact-finder could have found him guilty of the offenses
2  charged.  See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d
3  832, 842–43 (9th Cir. 2001).

4        In his first Rule 32 action, Petitioner raised numerous claims, all of which were
5  denied by the state trial court, other than his claim regarding the imposition of his
6  sentences.  Petitioner did not seek review of the state trial court's denial of relief on his
7  other claims by the Arizona Court of Appeals.  Accordingly, none of the claims stated in
8  Petitioner's first Rule 32 action were "fairly presented" to the state's "highest court" in a
9  procedurally correct fashion.  Additionally, with regard to Petitioner's second Rule 32
10 action, the state's "highest court" found Petitioner's claims were all precluded by a state
11 procedural rule, i.e., the failure to present the claims themselves and supporting evidence
12 and law in a single pleading before the appellate court, without referencing prior
13 pleadings by incorporation.  Therefore, Petitioner did not properly exhaust any actual or
14 potential federal habeas claims in the state courts by fairly presenting them to the Arizona
15 Court of Appeals in a procedurally correct manner.

16       In reply to the answer to his petition, Petitioner asserts that he moved to represent
17 himself in his criminal proceedings because counsel refused Petitioner's demand to take
18 his case to trial.  Petitioner asserts that, although he was competent to stand trial, he was
19 denied his right to self-representation, citing Faretta v. California.  Petitioner further
20 asserts that the trial judge was biased against Petitioner, in violation of his right to due
21 process of law.  Petitioner alleges that, in his second Rule 32 proceeding, the state did not
22 challenge "Claim B" although this claim was denied by the state court.  Petitioner
23 contends that, because the state did not challenge this claim the state court could not
24 properly deny the claim without explanation.  Petitioner alleges that he established an
25 "abuse of discretion and fraud by State Prosecutor" when seeking review by the Arizona
26 Court of Appeals in his second Rule 32 action.

27       Petitioner notes that the Arizona Court of Appeals denied relief in his second Rule
28 32 action and that the Arizona Supreme Court denied review in this matter on August 28,

2014, "exhausting all available state court remedies." Petitioner maintains that, when he raised his claims in the state courts these claims were "ignored" and that the Arizona Court of Appeals held him to "an unreasonable standard" when denying his claims for relief. Petitioner asserts he "brought his claims to [the] Arizona courts in the manner prescribed by law," and that he "was diligent and presented his claims to the best of his ability." Petitioner argues that "state remedies available are ineffective." Attached to the reply to the answer is one page of a transcript of proceedings conducted in the Maricopa County Superior Court on September 28, 2010, which states "...your motion to represent yourself is denied."

Petitioner has not shown cause for, nor prejudice arising from his procedural default of his habeas claims. Nor has Petitioner established his actual innocence of the crimes of conviction. Petitioner has not shown that a fundamental miscarriage of justice will occur absent consideration of the merits of his habeas claims.

**III Conclusion**

Petitioner did not exhaust any of his federal habeas claims in the Arizona state courts by fairly presenting them as federal constitutional claims to the Arizona Court of Appeals in a procedurally correct manner. Petitioner has not shown cause for, nor prejudice arising from his procedural default of these claims. Therefore,

**IT IS RECOMMENDED that** Mr. Barrientes' petition seeking a writ of habeas corpus be **denied** and **dismissed.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2,

Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 23rd day of March, 2015.

_____
Mark E. Aspey
United States Magistrate Judge