**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Keith Barrientes,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV-15-00014-PHX-DGC<br><br>**ORDER** |

Petitioner objects to the Magistrate Judge's Report and Recommendation ("R&R"). Doc. 13. The R&R suggests that this Court deny the pro se petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Doc. 12. Specifically, the Magistrate Judge found that Petitioner failed to exhaust his state court remedies under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The matter is fully briefed, and no party has requested oral argument. For the reasons that follow, the Court will deny the petition for habeas relief.

**I.     Background.**

On August 11, 2010, a grand jury indicted Petitioner on kidnapping, first-degree burglary, theft of a means of transportation, trafficking in stolen property, two counts of misconduct involving weapons, and three counts of armed robbery. Doc. 12 at 2. At the time, Petitioner was on probation, and the state moved to revoke the probation after the indictment was issued. *Id.*

After he was found competent to stand trial, Petitioner pled guilty on February 18, 2011, to two counts of armed robbery and one count of misconduct involving weapons. *Id.* The remaining counts were dismissed, and Petitioner was sentenced to concurrent sentences of 21 years on the two armed robbery counts and a concurrent sentence of 2.5 years on misconduct involving weapons. *Id.* Petitioner received a 5-year sentence for violating his probation, to be served concurrently with the other sentences. *Id.*

On March 25, 2011, Petitioner filed a motion for post-conviction relief under Arizona Rule 32 challenging his guilty plea and the revocation of his probation. *Id.* at 2-3. Petitioner's court-appointed counsel filed a notice that he could raise no colorable claims on Petitioner's behalf. *Id.* at 3. Petitioner then filed a pro se motion, and the state conceded that Petitioner was entitled to be resentenced. *Id.* In his motion, Petitioner raised seven other claims: (1) his right to a speedy trial was violated; (2) the court's finding that he was competent to stand trial violated due process; (3) he was threatened and coerced by the prosecutor into pleading guilty; (4) the court modified the plea agreement; (5) his plea was not made knowingly, intelligently, and voluntarily; (6) the court failed to set forth the aggravating factors when imposing his sentence; and (7) Maricopa County jail subjected him to mental torture. *Id.*

On October 16, 2012, the state court partially granted Petitioner's motion for post-conviction relief, ordered that he be resentenced, and denied his other claims. *Id.* The court found that because Petitioner pled guilty, he had waived all non-jurisdictional defects and defects occurring prior to the plea, as well as all claims of ineffective assistance of counsel not relating to his plea. *Id.* As a result, Petitioner was precluded from raising his speedy trial claim, his competency claim, the mental torture claim, and his claim that the court failed to properly consider his pro per motions. *Id.* at 4. The court also found that Petitioner's claims that he did not understand his potential sentence and was coerced into pleading guilty were meritless. *Id.*

On November 5, 2012, Petitioner appealed the trial court's decision to the Arizona Court of Appeals, which granted review and denied relief on February 25, 2014.

1  Doc. 10-5 at 35-58; 101-04, *see also State v. Barrientes*, Docket No. 1-CA-CR-12-0677-
2  PRPC (Ariz. Ct. App. Nov. 5, 2012).  The Court of Appeals also denied Petitioner's
3  motion for special action jurisdiction.  Doc. 10-5 at 124, 132.

4        On November 12, 2012, Petitioner was resentenced to the same terms previously
5  imposed.  Doc. 12 at 4.   Petitioner then filed a second petition for post-conviction relief
6  in September 2013 (Doc. 10-3 at 46-90, Doc. 10-4), which was denied by the trial court
7  in January 2014 (Doc. 10-5 at 32-33).  The Arizona Court of Appeals docket indicates
8  that Petitioner has appealed the denial of his second petition, but the matter is still
9  pending.  *See State v. Barrientes*, Docket No. 1-CA-CR-14-0069-PRPC (Ariz. Ct. App.
10 Jan. 27, 2014).

11       There has been considerable confusion in this case about when and whether
12 Petitioner appealed the denials of his two Rule 32 petitions and when the Arizona Court
13 of Appeals ruled on them.  The Magistrate Judge concluded that Petitioner did not appeal
14 the denial of his first petition.  Doc. 12 at 4.  Respondents contend that Petitioner filed an
15 appeal of the first petition, but assert that "the Court of Appeals did not do anything with
16 the case" because it was improperly appealed.  Doc. 14 at 3.  The Court's review of the
17 record suggests that both are incorrect.

18       Petitioner did appeal the denial of his first Rule 32 motion.  The appeal was filed
19 on November 5, 2012, as shown at Doc. 10-1 at 4.  The appeal was assigned case number
20 1-CA-CR-12-0677-PRPC.  *See State v. Barrientes*, Docket No. 1-CA-CR-12-0677-PRPC
21 (Ariz. Ct. App. Nov. 5, 2012).  The Arizona Court of Appeals decided this appeal on
22 February 25, 2014, and found that Petitioner had failed to present the petition in the form
23 required by Arizona law.  Doc. 10-5 at 101-04.  The fact that this decision concerned the
24 first petition and not the second is clear from at least two facts: the decision bore the
25 number of the first appeal (1-CA-CR-12-0677-PRPC), and noted that "[t]he trial court
26 granted relief on a sentencing issue and resentenced Barrientes to the same sentence in
27 both cases," a clear reference to the first petition.  *Id.* at 101-02.

28       Petitioner appealed the trial court's denial of his second Rule 32 petition on

- 3 -

January 27, 2014, and it was assigned appeal number 1-CA-CR-14-0069-PRPC. *See State v. Barrientes*, Docket No. 1-CA-CR-14-0069-PRPC (Ariz. Ct. App. Jan. 27, 2014). A review of the docket of the Arizona Court of Appeals shows that no decision has been made on this appeal. *Id.*

**II.   Analysis.**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; Fed. R. Civ. P. 72(b)(3); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Petitioner's sole objection is that the Magistrate Judge incorrectly found that he failed to appeal the state court's denial of his first petition. Doc. 13. He argues that he properly exhausted his claims.[1]

The AEDPA prohibits a federal court from reviewing a petition for writ of habeas corpus filed "on behalf of a person in custody pursuant to the judgment of a State court" unless the petitioner has "exhausted the remedies available in the court of the State[.]" 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."); *Kyzar v. Ryan*, 780 F.3d 940, 946 (9th Cir. 2015) (same). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan*, 526 U.S. at 845.

If the state court denies relief for "noncompliance with a state procedural rule, the federal claim is procedurally defaulted and a federal court cannot grant relief unless petitioner shows cause for the default and prejudice resulting from the alleged constitutional violation." *Smith v. Or. Bd. of Parole & Post-Prison Supervision*, 736 F.3d

---

[1] To the extent Petitioner challenges the entirety of the R&R in his one-paragraph objection, the Court declines to address the challenge. General objections have the same effect as a failure to object, and create no right to de novo review. *Warling v. Ryan*, No. CV-12-1396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013).

857, 862 (9th Cir. 2013) (citing *Wainwright v. Sykes*, 433 U.S. 72, 90-91 (1977)). In this case, Petitioner procedurally defaulted the claims in his first petition and does not assert cause, prejudice, or actual innocence in his objection to the R&R.

"For the procedural default rule to apply, 'the application of the state procedural rule must provide an adequate and independent state law basis on which the state court can deny relief.'" *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014) (quoting *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003)). A ground is independent if "the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). A ground is adequate if it is clear, consistently applied, and well-established at the time of petitioner's purported default. *Lambright v. Stewart*, 241 F.3d 1201, 1203 (9th Cir. 2001).

The Arizona Court of Appeals found that Petitioner's first petition failed to comply with Rule 32 because Petitioner failed to "set forth specific claims, present sufficient argument supported by legal authority, and include citation to the record." Doc. 10-5 at 102. Denial of relief rested solely on Petitioner's failure to comply with Rule 32. *Id.* The court noted that "[c]ompliance with Rule 32 is not a mere formality. A petitioner must strictly comply with Rule 32 in order to be entitled to relief. [Petitioner] has failed to comply with Rule 32." *Id.* The Arizona Supreme Court likewise has stated: "We have consistently required that parties 'strictly comply' with [Rule 32] to be entitled to relief." *Canion v. Cole*, 115 P.3d 1261, 1263 (Ariz. 2005). The Arizona Court of Appeals' decision thus rested on independent and adequate grounds sufficient to support a finding for procedural default, and Petitioner may not assert his first-petition claims in this Court. As noted, he does not assert cause, prejudice, or actual innocence in his objection to the R&R.

Nor can Petitioner assert the claims in his second Rule 32 petition. The second petition was denied by the trial court, but, as noted above, remains pending. Because the Arizona Court of Appeals has not yet decided the second-petition issues, those issues are unexhausted. *See McMonagle v. Meyer*, 766 F.3d 1151, 1157 (9th Cir. 2014) ("The

exhaustion requirement affords state courts a full opportunity to consider and correct any constitutional or federal law challenges to a state judgment before a habeas defendant can collaterally attack the judgment in federal court.").

In summary, Petitioner has procedurally defaulted on the claims in his first Rule 32 petition and has not yet exhausted the claims in his second petition. For these reasons, the Court will accept the Magistrate Judge's recommendation that the habeas petition be denied, albeit for slightly different reasons than those set forth in the R&R.

**IT IS ORDERED:**

1. Petitioner's petition for writ of habeas corpus is **denied**.
2. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).
3. The Clerk **shall terminate** this action.

Dated this 2nd day of June, 2015.

David G. Campbell
United States District Judge